UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                              Case No. 23-cr-20514

v.                                            Hon. Linda V. Parker

MATTHEW BORODICH,

        Defendant.

___

**UNITED STATES' SENTENCING MEMORANDUM**

___

       Matthew Borodich sexually abused a 7-year-old child to create and distribute child pornography. Borodich gained a position of trust with MV-1's family and MV-1 knew Borodich for almost the entirety of her childhood. Borodich groomed and horrifically abused MV-1 for months. MV-1 described her fear, how her body shook as Borodich would get close to her without his clothes on, and the strange smell, sound, and taste that marked Borodich's abuse. She also described seeing adult and child pornography on Borodich's phone—images that made her sick. In committing his offenses of conviction, and much more abuse, Borodich inflicted lifelong trauma on his victim. As such, the United

States requests that the Court sentence Borodich to a guideline sentence of 600 months imprisonment.

I.      **Facts And Procedural History**

On August 30, 2023, a Wisconsin law enforcement officer working covertly online observed multiple pornographic images and videos of MV-1 that Borodich had shared in a public Kik messenger group chat. The images and videos included: a close-up image of MV-1's genitalia with a man's hand pushing down MV-1's shorts; a video lasciviously displaying MV-1's genitalia; and an image of a man's hand molesting MV-1.  The Kik chat also contained a video of child exploitive material, which came from a screen recording of a gallery video dated April 23, thus apparently taken a few months prior.

The next day, based on the Wisconsin law enforcement tip and other developed information, FBI Detroit identified Borodich and his residence.  Given the possible imminent danger to a child, the FBI obtained and executed an exigent search warrant for Borodich and his premises that same day.  During the search, the FBI interviewed Borodich who admitted to creating child sexually abusive material of MV-1 and that he shared MV-1's images and videos on Kik.

2

Later that day, Borodich preposterously tried to explain away his egregious behavior and placed blame on MV-1. But he ultimately admitted to several sexual assaults of MV-1.

The FBI later conducted a forensic examination of Borodich's cell phone, which revealed 773 images and videos meeting the federal definition of child pornography. This included six images and three videos of MV-1, as well as 515 videos, totaling over 11 hours. The FBI identified eight images of sadomasochism or violence, 48 images and 70 videos of infants or toddlers, and 231 images and 393 videos of prepubescent children.

When MV-1 was forensically interviewed, she disclosed numerous incidents of sexual penetration and sexual abuse perpetrated by Borodich. MV-1 described the assaults in vivid detail.

MV-1 also disclosed seeing pictures and videos on Borodich's phone of adult and child pornography. As she described, Borodich "always has people doing the splits with their clothes off." This included videos of girls with their clothes off, "girls recording but nobody else there," people "doing weird stuff" and visible "front" and

3

"back private parts." And when describing seeing the pornographic material, MV-1 said: "sometimes I throw up."

On September 1, 2023, the FBI arrested Borodich on a criminal complaint. ECF No. 1. On September 7, 2023, in a three-count indictment, the grand jury charged Borodich with Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count 1); Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count 2); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 3). ECF No. 10.

On January 16, 2024, under a Rule 11 Plea Agreement, Borodich pleaded guilty to Counts 1 and 2 of the indictment. ECF No. 17.

## II. The Court Should Sentence Borodich to 600 Months Imprisonment

Congress provided in 18 U.S.C. § 3553(a) the relevant objectives and factors to be considered by sentencing courts when determining a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation and rehabilitation); (3) the kinds of sentences legally

4

available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.

The most relevant factors to Borodich's case are discussed below. An analysis of these factors dictates a 600-month guideline sentence of imprisonment that would be "sufficient, but not greater than necessary, to comply with the purposes of" sentencing set forth in section 3553(a). *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

### A. Sentencing Guidelines Range

The Probation Department calculated Borodich's guideline range as life based on offense level 43 and criminal history category I, but limited to the statutory maximum of 600 months.

### B. Nature And Circumstances of the Offense and History And Characteristics of the Offender

Borodich committed one of the most serious and offensive crimes acknowledged by the law. Borodich sexually abused a 7-year-old child to create and distribute child sexually abusive material online. Borodich physically touched and sexually assaulted MV-1. He

accomplished his abuse by gaining a position of trust with MV-1's family; a fact that makes his conduct even more egregious.

Rather than nurture and protect MV-1, Borodich exploited MV-1 by grooming her and sexually abusing her for some time. His abuse traumatized MV-1 in many ways. Borodich's actions resulted in MV-1's mental and emotional trauma when he exposed MV-1 to adult and child pornography and made her feel frightened at his approach. He also physically traumatized her through sexual abuse. Borodich then made outlandish, implausible statements in a bare attempt to minimize his conduct.

Borodich's history and characteristics do not mitigate his crimes nor mitigate this factor to a sentence outside of the guideline range. If anything, the presentence report describes someone who worked regularly, had friendships, and had no other convictions or allegations of sexual misconduct. Despite this, Borodich preyed on MV-1 and abused the family's trust in committing his offenses.

The nature and circumstances of Borodich's offenses weigh in favor of a 600-month sentence.

### C. Seriousness of the Offense, Promoting Respect For Law, And Providing Just Punishment

As evinced by the 15-year mandatory minimum and the 600-month guideline range, Borodich committed some of the most serious offenses under federal law by sexually exploiting MV-1, sharing her images and videos online, and for abusive sexual contact in creating child pornography.

These facts alone justify a guideline sentence, but Borodich went further—he groomed and sexually abused MV-1 over the course of months. Borodich exposed his 7-year-old victim to adult and child pornography as part of his grooming and committed numerous instances of penetrative sexual abuse. This heinous conduct only raises the bar for the seriousness of the offense and shows Borodich's utter disregard for the law, and safety of his minor victim. As such, a 600-month sentence is necessary to recognize the seriousness of the offense, promote respect for the law, and provide just punishment.

### D. Deterrence and Protection of the Public

A 600-month sentence in this case will afford adequate deterrence and protect the public from dangerous sexual predators seeking to assault and exploit children, particularly those of vulnerable age. It is

7

clear that those with a sexual interest in children, like Borodich, will go to great lengths to groom their victims before preying on them through sexual abuse, and that they will attempt to keep their conduct a secret. A 600-month sentence recognizes the severe dangers posed in these circumstances and the need for adequate public safety.

## Conclusion

For the reasons stated above, the government asks the Court to accept the parties' Rule 11 plea agreement and impose a sentence of 600 months imprisonment.

                                                     Respectfully Submitted,

                                                     Dawn N. Ison
                                                     United States Attorney

                                                     *s/Sean L. King*
                                                     SEAN L. KING
                                                     TARA M. HINDELANG
                                                     Assistant United States Attorneys
                                                     211 W. Fort. St. Suite 2001
                                                     Detroit, Michigan 48226

Dated: May 21, 2024

## **CERTIFICATE OF SERVICE**

I certify that on May 21, 2024, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification to all counsel of record via email.

*s/Sean L. King*
SEAN L. KING
Assistant United States Attorney
