UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    PLAINTIFF,

                      CASE NO.:  23-20514
                      HON.  LINDA V. PARKER

MATTHEW BORODICH,
    DEFENDANT.

## SENTENCING MEMORANDUM

Defendant, Matthew Borodich, by his attorney, Karen J. Davis Roberts, submits this sentencing memorandum and requests this Court to impose a sentence of 15 years, the mandatory minimum, on Count 1, and 5 years, the mandatory minimum, on Count 2 of the Indictment.  Also, that Defendant be sentenced to 5 years of supervised release.

Defendant pled guilty to Count 1, sexual exploitation of children under 18 USC§§2251 (a) and €, and Count 2, distribution of child pornography under 18 USC § 2252A(a)(2)(A).

This Court is aware of the case law and 3553 factors that must be taken into account when sentencing an individual defendant, therefore I shall not repeat them. The most significant portions of the case law, however, I shall review and note.

The Court must impose a sentence **"sufficient but not greater than necessary"** to achieve the statutory purposes of punishment as required by 18 U.S.C. § 3553(a). This section includes the so-called "parsimony principle "which serves as "a broad command that instructs courts . . . to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation." *Dean v. United States,* 137 S.Ct. 1170, 1175(2017).

The Court must "make an individualized assessment " *Gall v. United States, 552U.S. 38, 50 (2007),* and in doing so look at each person's weaknesses and strengths that may mitigate the punishment imposed. *Koon v. United States,* 518 US 81, 113 (1996).

**The nature and circumstances of the offense and the history and characteristics of the Defendant**

Significant events that probably had a huge impact on the Defendant's behavior include the unknown reasons why he and his sister were initially removed from their biological parents' home.  Whatever abuse and neglect that occurred before his adoption were not verified by probation probably because those records are sealed however, that does not mean that what he experienced during the first four years of life did not negatively impact on the rest of his life.

The fact that he too was sexually molested when he was 8—10 years of age and then as a teenager, may also play a role in his behavior with the MV.  That is not stated as an excuse, or a reason to give him a pass for this criminal act, it is

meant to provide the Court with a background of Mr. Borodich's life, so that a sentence imposed is one that is "sufficient but not greater than necessary".

Defendant does not have a prior conviction or charge for any sexually based crime with children or adults. His criminal history is void of any serious criminal behavior and therefore he is technically, a Criminal History I, however because of the USSG §4B1.5 guideline, the Criminal History becomes a V. This is a guideline calculation and clearly overrepresents his **actual** criminal history.

**To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Count I carries a mandatory minimum imprisonment of 15 years, and Count 2 carries a mandatory minimum of 5 years with 5 years of supervised release.

The Defendant accepted responsibility for his criminal behavior and is truly sorry for what he did to the MV.

The sentence of the mandatory minimum on each Count 1 and Count 2 are 15 years and five years respectively. Those sentences should run concurrently and would be sufficient but not greater than necessary to provide just punishment.

**To afford adequate deterrence to criminal conduct.**

The Defendant has never had a lengthy jail or prison sentence and the mandatory minimum for both Counts would be adequate to deter him from any criminal conduct.

**To protect the public from further crimes of the defendant.**

Imposing a sentence of the mandatory minimum for both Counts, to run concurrently, and a supervised release of 5 years would allow close monitoring of the Defendant which would sufficiently protect the public from any further crimes of the Defendant.

**To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

During Defendant's incarceration he will be able to avail himself of whatever psychological treatment that is available. Individual and group therapy is important for his mental health. Therapy will help him to understand and prevent him from re-offending.

**The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

Probation has provided statistics of average and median sentences, and it is impossible to argue with them except that they are numbers, *only.* Those numbers do not take into account any individual characteristics of this Defendant.

I have stated earlier in this memorandum, and it bears repeating-- the Court must "make an individualized assessment " *Gall v. United States, 552U.S. 38, 50 (2007),* and in doing so look at each person's weaknesses and strengths that may mitigate the punishment imposed. *Koon v. United States,* 518 US 81, 113 (1996).

A sentence that is sufficient but not greater than necessary would be the mandatory minimum for both Counts and for those sentences to run concurrently.

**Conclusion**

Wherefore, Counsel humbly, and respectfully urges your Honor to carefully consider all we have put forth in this sentencing memorandum and sentence Mr. Borodich to the mandatory minimum on both counts, with 5 years of supervised release, and those sentences shall run concurrently

|  |  |
|---|---|
| 5-24-2024 | Respectfully submitted,<br>s/Karen J. Davis Roberts<br>P O Box 677<br>Saline, MI 48176<br>734-944-9207<br>kjdroberts@yahoo.com<br>P43711 |

## CERTIFICATE OF SERVICE

Karen J. Davis Roberts certifies that on 5-24-2024 she served a copy of this Memorandum on all ECF filers.

s/Karen J. Davis Roberts